FILED

08 MAR 18 PM 3:09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ECL   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0618-BEN |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND DETENTION ORDER** |
| KENT DOUGLAS TREGO, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on March 12, 2008, to determine whether there are conditions of release for the defendant that will reasonably assure the safety of other persons and the community. Assistant U.S. Attorney Mitchell D. Dembin appeared on behalf of the United States, and Mark F. Adams, Esq., appeared on behalf of the defendant.

Based on the evidence proffered by the United States and by the defendant, the pretrial services report, and the Indictment issued against the defendant, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

I

FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))</u>

1. The defendant is charged in the Indictment with threatening a federal witness, in violation of 18 U.S.C. § 1513(b)(2), and with two counts of transmitting threats in interstate commerce,

1  in violation of 18 U.S.C. § 875(c). These offenses are "crimes of violence" as defined at 18 U.S.C. §
2  16(a). The maximum term of imprisonment for violating § 1513(b)(2) is ten years. Each count
3  alleging a violation of § 875(c) carries a maximum term of imprisonment of five years.
4      2.    The Government's proffer was based on the Indictment, the search warrant affidavit in
5  Magistrate Case Number 08MJ0410 and three electronic mails proffered to the Court and accepted as
6  evidence for the detention hearing without objection. The electronic mails were sent over a period of
7  approximately 6 weeks. There is probable cause to believe that the defendant committed the charged
8  offenses. The three electronic mails contain unambiguous threats to kill identified persons and burn
9  and bomb the facilities of an organization.
10 B.    Weight of the Evidence Against the Defendant  (18 U.S.C. § 3142(g)(2))
11     1.    The weight of the evidence against the defendant is strong. In a recorded post-arrest
12 statement, the defendant admitted sending the subject electronic mails. In addition, there is
13 considerable evidence, based upon comparing login information to the account used to transmit the
14 threats with logins to the defendant's personal electronic mail account, that defendant was responsible
15 for sending the threatening communications.
16 C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))
17     1.    The defendant is a citizen of the United States with ties to San Diego and to Arizona.
18     2.    The defendant has no criminal record.
19     3.    The defendant is unemployed and has no assets.
20     4.    The defendant has resided for the past several months with a friend who may be willing
21 to continue to have the defendant reside with her.
22     5.    The defendant has a sister in Arizona who is supportive of the defendant.
23     6.    In interviews with law enforcement officers, his attorney and based upon law
24 enforcement reports, the defendant appears mild-mannered and rational.
25     7.    The defendant spends his days usually alone at the Children's Pool in La Jolla, the
26 Riford Library in La Jolla and at the Scripps Institute of Oceanography Library.
27 D.    Nature and Seriousness of the Danger to any Person or to the Community
28     1.    The defendant has no history of violent behavior and there is no evidence of an intention

to carry out his threats.

2. The threats are graphic, unambiguous and vile.

3. The threats relate to the ongoing controversy regarding the use of the beach at the Children's Pool in La Jolla in which the defendant appears to have a passionate interest.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the defendant committed the offenses charged in the Indictment.

B. The conduct of the defendant, as alleged in the Indictment, demonstrates a level of anger and rage that is in such contrast to the manner in which the defendant presents himself as to create a disturbing picture. His lack of employment, his lack of a permanent residence, his dire financial situation and his loner-like daily activities suggests that the defendant does in fact pose a danger to the individuals and organization that he threatened.

C. The Court has inquired of defendant's counsel and counsel for the government regarding whether there are grounds for the Court to order a competency hearing. Neither counsel believe the defendant to be incompetent.

D. If released on bond, the defendant's close proximity to the Children's Pool - his current residence is in La Jolla, presents a serious risk that the defendant will continue to encounter members of the organization that he has threatened.

E. The Court has considered whether there are conditions of release, such as psychiatric treatment, electronic monitoring and the posting of real property, that would reasonably assure the safety of community and the individuals and organization threatened so graphically by the defendant.

F. The Court is convinced, however, that based upon the nature of the threats, the dichotomy apparent in the defendant's personality and the defendant's rather transient nature, that there are no conditions or combination of conditions that would reasonably assure the safety of the community and the individuals and organization threatened by the defendant.

//

//

III

ORDER

IT IS HEREBY ORDERED that the defendant be detained pending trial and, if convicted, pending sentencing in this matter.

IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

This order is made without prejudice to modification by this Court and without prejudice to the defendant's exercise of his right to bail and a detention hearing at a future date.

IT IS SO ORDERED.

DATED: 3/18/08

HONORABLE LOUISA S. PORTER
United States Magistrate Judge

Prepared by:

Mitchell D. Dembin
Assistant United States Attorney

Approved by Mark F. Adams, Esq.